DONALD BROWN *v.* STATE OF INDIANA.

[No. 570S121. Filed May 20, 1971.]

*Marion W. Withers,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged by indictment in four counts: 1) involuntary manslaughter; 2) reckless homicide; 3) causing the death of another person while driving under the influence of intoxicating liquor; and 4) driving a motor vehicle while under the influence of intoxicating liquor. Trial by jury resulted in a verdict of guilty of causing the death of another person while driving a motor vehicle under the influence of intoxicating liquor under Burns Ind. Stat., 1970 Repl., § 47-2001. Appellant was sentenced to the Indiana State Prison for not less than one nor more than two years.

The sole question raised by appellant on appeal is the ruling of the trial court permitting a uniformed police officer to be seated at the counsel table with the prosecuting attorney during the course of the trial. Appellant not only asks us to declare this to be reversible error, but further asks us to hold that it is prejudicial to a criminal defendant to permit a uniformed police officer to testify in aid of the prosecution. Appellant recognizes that this question has been raised at least one time previously in this State. In that case this Court held it was proper for a police officer

to be seated at the counsel table for the prosecutor during the course of a trial. *Kelly* v. *State* (1948), 226 Ind. 148, 78 N. E. 2d 547. However, he claims that the situation in the case at bar is distinguishable from the *Kelley* case in that in *Kelly* the court observed there was no showing of harm by the presence of the police officer, whereas it is the contention of appellant that the fact the police officer was wearing a uniform and was armed gave the police officer's testimony more credence thereby rendering the trial unfair. He does not explain how he arrives at this conclusion. In any event we cannot agree with the proposition advanced by the appellant. Many of the working police officers throughout the State are required to wear uniforms while on duty. This uniform includes a side arm. The very nature of our system requires that on many occasions officers must appear in court at a time when they are on duty. It would be nothing short of ludicrous for this Court to hold that these officers would be required to change to civilian clothes before entering the court room to testify. All citizens are well aware of the fact that many officers wear uniforms and carry arms. Their presence in court rooms is a common occurrence. We know of no manner in which it could be determined whether the fact they are in uniform helps, hinders or is of no consequence to the State's case. As was stated in the *Kelley* case, *supra,* the manner in which a trial is conducted, including the persons permitted to remain in the court room, is a matter within the discretion of the trial court. This Court will adopt no rule of law which would so unreasonably hamper the trial of criminal cases as that recommended by the appellant.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 377.