Eddie Eugene LEWIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1078S214.

Supreme Court of Indiana.

Dec. 20, 1979.

Rehearing Denied Feb. 19, 1980.

David M. Hamacher, Crown Point, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Eddie Eugene Lewis was convicted by a jury in Lake Superior Court, Criminal Division, of first degree murder (Count I) and murder during the perpetration of arson (Count II). He was sentenced to a term of life imprisonment on Count II. This appeal followed. Appellant raises only one issue for our consideration. He claims the trial court erred in overruling his motions to suppress his confession and in admitting his confession into evidence at trial.

The facts pertinent to the disposition of this appeal are as follows. In the early morning hours of January 7, 1977, Mary Mingo and Richard Taylor, the deceased, were sitting in the living room of the Mingo home. Ms. Mingo saw a fire through her kitchen window, and Taylor went to investigate. Upon opening the back door, Taylor was struck in the head and chest by a shotgun blast. He later died from these wounds. The subsequent police investigation revealed a beer bottle with a smoldering rag in the top outside the Mingo residence. The police also found footprints leading from the yard of the Mingo residence to the house in which appellant was staying. Other evidence tended to connect the defendant with the beer bottle and the shotgun.

At approximately 9:00 a. m., on January 7, appellant was picked up by the police and voluntarily accompanied them to the police station for questioning. Appellant was informed of his rights before being transported to the police station and while in route. He was placed in an interrogation room and questioned for approximately one or two hours. The interrogating officers, DeLuna and Brown, advised appellant of his rights before this session began. Appellant was later taken, with his agreement, to a different building for a polygraph examination. Before the questioning began, the polygraph examiner, Officer Szczerbik, advised appellant of his rights and gave him a "*Miranda* waiver form" to read and sign. After reading the form, appellant stated that he wished to consult with an attorney before taking the examination. Szczerbik then halted the examination and telephoned DeLuna and Brown, informing them that appellant refused to take the test.

Appellant was then returned to the police station and questioned further. Later in the day, appellant was interrogated by Officer Shannon. Before questioning appellant, Shannon read the waiver of rights form to him, asked him to read it for himself, and then read the form to him again. Appellant Lewis then signed this waiver form. He subsequently gave a verbal account of the incident in question and signed a written transcription made by Shannon.

Appellant contends the trial court erroneously overruled his motions to suppress and admitted his statement into evidence at trial. He presents two arguments in support of this proposition. First, it is argued that appellant was interrogated without counsel in spite of his request for an attorney. Second, appellant claims the police interrogated him after he indicated that he wished to remain silent.

■ Appellant's first contention is that when he told the polygraph examiner that he wished to talk to an attorney, the police were required to cease all interrogation until an attorney had been provided. Appellant argues that this statement was an assertion of his right to counsel with respect to *all* questioning. He says that by being subjected to questioning after he made this statement, appellant was denied the right to counsel under *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We think this contention is without merit.

According to Officer Szczerbik's testimony at the suppression hearing, appellant wanted to talk with an attorney before taking a polygraph test because he was wary of polygraph examinations. Appellant did not state at that time that he wanted to consult with an attorney before any more interrogation took place. Fur-

ther, when Officer Shannon began to question appellant after the aborted polygraph examination had ended, he read to appellant the waiver of rights form, which included a clause regarding a suspect's right to consult an attorney and have an attorney present during questioning. Appellant read and signed the waiver form at this time, and made no mention of any desire to speak to an attorney.

With respect to the applicable standard of review in this type of case, this Court has stated:

"We review these questions on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there is substantial probative evidence to support the trial court's finding. *Murphy v. State*, (1977) [267] Ind. [184], 369 N.E.2d 411. This Court will not ordinarily disturb a trial court's ruling as to the admissibility of a confession when that ruling is based on conflicting evidence. *Timm v. State*, (1976) [265] Ind. [537], 356 N.E.2d 222."

*Richardson v. State*, (1978) Ind., 373 N.E.2d 874, 875, *quoted in Chambers v. State*, (1979) Ind., 392 N.E.2d 1156, 1159. *See Brown v. State*, (1979) Ind., 390 N.E.2d 1000, 1002. Even though conflicting testimony was presented on this question, we think there was substantial evidence from which the trial court could have found that appellant Lewis was asserting his right to counsel only with respect to the polygraph examination, and that his rights under *Miranda v. Arizona, supra*, were not denied by further interrogation.

■ Appellant next contends the police ignored his indication ("by his actions") that he wished to remain silent and continued to interrogate him. It appears from the record that appellant was returned to the police station after meeting with the polygraph examiner. After advising him of his rights, the police began to interrogate him again. Appellant evidently gave them the impression that he did not wish to talk to them anymore at that time. The questioning ceased at that point. Approximately two hours later, Officer Shannon initiated the discussion which produced the confession in question. Appellant contends this renewal of questioning violated his right to remain silent. We do not agree.

It is true, as appellant argues, that questioning must cease when an accused exercises his right to remain silent:

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point, he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise."

*Miranda v. Arizona*, (1966) 384 U.S. 436, 473, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694, 723, *quoted in Lane v. State*, (1977) 266 Ind. 485, 488, 364 N.E.2d 756, 758. However, it is equally clear that this rule does not prohibit *any* further interrogation at any time. As the United States Supreme Court stated: "[T]he admissibility of statements obtained after the person in custody has decided to remain silent depends, under *Miranda*, on whether his 'right to cut off questioning' was scrupulously honored." *Michigan v. Mosely*, (1975) 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313, 321.

In the case before us, appellant, having been advised of his rights, indicated "by his actions" that he did not wish to talk at that time. The police officers then halted the interrogation. The renewed questioning which produced the confession took place nearly two hours later, by a different policeman, Officer Shannon. This officer orally advised appellant of his rights twice and appellant read the waiver of rights form. Appellant then signed the waiver form and gave the statement. He admits that Officer Shannon advised him of his rights and that he read and signed the waiver form. Thus, we think there was sufficient evidence to support the trial court's finding that appellant's right to cut off questioning was "scrupulously honored" by the police, and that the statement was

986

not taken in violation of appellant's *Miranda* rights. *See Michigan v. Mosely, supra.*

Finding no error in the overruling of appellant's motions to suppress or in admitting the statement into evidence, we affirm the judgment of the trial court.

GIVAN, C. J., and HUNTER and De-BRULER, JJ., concur.

PRENTICE, J., dissents.