Robert L. ALLEN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1281S339.

Supreme Court of Indiana.

Sept. 30, 1983.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

We affirmed defendant's convictions of criminal confinement, criminal deviate conduct, burglary, battery, and habitual offender in his direct appeal to this Court, *Allen v. State,* (1982) Ind., 439 N.E.2d 615. We found, however, that the trial court's findings for giving a one hundred and fifty-eight year enhanced sentence were not sufficient to permit review under our sentencing standards, and we remanded the cause for the trial court to either impose the presumptive sentences concurrently or enter the reasons for imposing the enhanced sentence.

Thereafter, the trial court held a resentencing hearing where defendant presented evidence in his behalf. The court resentenced defendant to the same enhanced terms originally imposed and entered a lengthy statement of reasons for the sentences. Defendant now argues that the trial court erred in enhancing his sentences without considering certain mitigating factors and that the sentences imposed are manifestly unreasonable.

A brief summary of the facts relevant to these issues shows that the victim lived in a rural area of Indiana near the Ohio border. On the afternoon of the instant crimes, defendant forced his way into her home with a knife. He handcuffed her wrists behind her back and forced her to commit three acts of fellatio. Defendant forced the victim to show him through various rooms in the house and to show him where her young children were sleeping. Finally he hit her several times on the head and stabbed her in the back before he left. The victim needed the assistance of one of her boys to use the telephone and call for help. She was bleeding so heavily that the blood soaked through her boy's shirt.

Defendant first argues that there were mitigating factors which the trial court did not specify in its findings and that he was entitled to have the court consider these factors. These three factors, his military record, his expressions of remorse and protestations of innocence, and the fact that he had a wife and young son, were presented to the court during the resentencing hearing.

■ It is firmly established that when the trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or aggravating circumstances. The record must further show that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives to be served by that sentence. *Washington v. State,* (1981) Ind., 422 N.E.2d 1218; *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316; *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513. Furthermore, we have consistently held that under our present sentencing statutes the alternative ways of increasing a particular sentence are not mutually exclusive. A court may, upon consideration of relevant facts and information, increase the basic penalties, impose consecutive sentences, or both. *Washington v. State,* 422 N.E.2d at 1221; *Mott v. State,* (1980) Ind., 402 N.E.2d 986; *Inman v. State,* (1979) 271 Ind. 491, 393 N.E.2d 767.

The legislature has vested the trial court with the discretion to increase or decrease the basic sentence as well as to determine whether sentences are to run concurrently or consecutively in certain cases. Ind.Code §§ 35–50–1–2(a), 35–50–2–3 to –7 (Burns 1979 Repl.). The legislature has provided certain criteria for sentencing which *must* be considered by the trial judge as well as other factors which *may* be considered as mitigating or aggravating circumstances, but the statute expressly does not limit the matters the court may consider in determining the sentence. Ind.Code § 35–4.1–4–7 (35–50–1A–7) (Burns 1979 Repl.). *Vanyo v. State,* (1983) Ind., 450 N.E.2d 524; *McManus v. State,* (1982) Ind., 433 N.E.2d 775.

In this case, the trial court heard statements from defendant, his attorney, and from the state at the resentencing hearing. He had the presentence report in front of him, and defendant's attorney stated that

there were no significant changes or errors in the report. The court stated that he had reviewed the criteria set out in the sentencing statutes as well as the relevant facts of the case prior to the hearing. Then he specifically stated that he found no mitigating circumstances to support a reduction of the base penalties for any of the felonies.

■ We find that the trial court had the discretion to determine that the three matters asserted by defendant to be mitigating were not mitigating circumstances under the facts of this case. The court had no duty to believe defendant's self-serving statements that he was not guilty and that he was sorry for the wrong perpetrated on the victim, so these statements cannot be considered as mitigating circumstances.

Defendant apparently had nine years of service in the Marine Corps including substantial duty in Vietnam, and had received an honorable discharge. However, defendant also had a prior criminal record involving crimes of violence against women and had received some degree of leniency in sentencing on prior crimes committed in the states of California and Ohio apparently because of his military record. The trial court here was obviously justified in concluding that defendant's military record was no longer a mitigating circumstance.

Finally, the fact that defendant had a wife and young son is not necessarily a mitigating circumstance when the facts of the crime reveal that defendant apparently had no sympathy for other parents and children. The first thing he did after bursting into the victim's home was to locate the sleeping children. At one point he asked the victim if she had any gun in the house. These circumstances certainly do not show any tender feelings toward children since he left the victim seriously injured and bleeding for her children to see and may have intended to leave her dead. We find no abuse of discretion in the trial court's finding that there were no mitigating circumstances in this case, and the court had no duty to list factors which were not mitigating.

■ Defendant finally argues that the total sentence of 158 years is manifestly unreasonable because it is disproportionate to the nature of the offense and because the same set of aggravating circumstances was used to enhance each of the basic penalties as well as to impose consecutive sentences. He claims that the sentence is disproportionate to the seriousness of the crime since the victim suffered no permanent physical disability and the four separate offenses came from a single incident which lasted only about one-half hour. He points out that the maximum sentence for murder is only sixty years or ninety years with an habitual offender sentence enhancement.

First, we note that it is well settled that the length of the term of punishment for various types of crimes is primarily a legislative concern. This Court has continually held that constitutional prohibitions against cruel and unusual punishment and vindictive justice are a limitation upon the acts of the General Assembly and not upon the discretion of a trial court acting within the framework of a statute imposing penalties for the offense. *Abercrombie v. State,* 417 N.E.2d at 318; *Gingerich v. State,* (1948) 226 Ind. 678, 83 N.E.2d 47. Our scope of review is defined within our Rules for the Appellate Review of Sentences, and "The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind.R.Ap.Rev.Sen. 2

Here, the trial court listed all of the factors which he considered to be aggravating on each count. He found that defendant had a history of prior criminal activity including convictions in California and Ohio for similar offenses against women. He considered the nature in which the crime was committed as an aggravating circumstance, including the facts that defendant had systematically chosen his victim and committed the offense with the use of handcuffs and a deadly weapon. The court stated that a reduced penalty would depreciate the seriousness of the crime committed and that there was a substantial risk that defendant would commit further crimi-

nal acts if he were not incarcerated. The court finally noted that there had been no rehabilitative effect shown from defendant's prior periods of incarceration and that defendant had at one time violated the terms of probation.

The court clearly considered the specific facts of the crimes in the following manner:

> "The Court will specifically note that in this instance the evidence shows that the defendant handcuffed the victim and while armed with a knife, three times forced upon her acts of sexual deviancy.

> \* \* \* \* \* \*

> "The evidence further shows that the crime was committed at a time when the victim's husband was not at home, that the defendant had been to the victim's home at least two times prior to the assaults, there is testimony from another witness which would indicate that the defendant was more or less scouting the area for a victim; that the burglary resulted in serious injury to the victim; that her three children were at home, and it is the Court's belief that the defendant left the victim for dead when he left the premises."

The court found that the aggravating circumstances were sufficient to support the enhancement of the base penalty on each count and to support the imposition of consecutive sentences on the four counts. He specifically found that there were no mitigating circumstances and that he had no discretion as to the length of the sentence on the habitual offender count under the circumstances of this case.

■ Sentencing is a decision within the trial court's discretion and will be reversed only upon a showing of a manifest abuse of discretion. *Washington v. State,* 422 N.E.2d at 1221. Although this Court might deem a different penalty to be more equitable, we may not rewrite the statute or absent an abuse of discretion substitute our judgment for that of the trial court. Here, the court considered the facts of the specific crimes and the character of the offender and gave a sentence within the statutory

limits. He gave sufficient aggravating circumstances to support both the enhanced sentences and the imposition of consecutive terms. Under the circumstances of this case, we cannot say that the sentences are manifestly unreasonable.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.