Joe David GALMORE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1082S380.

Supreme Court of Indiana.

Aug. 24, 1984.

**1174**

Sharon Carroll Clark, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Richard Albert Alford, Deputy Atty. Gen., for appellee.

HUNTER, Justice.

The defendant, Joe David Galmore, was convicted by a jury of battery, a Class C felony, Ind.Code § 35–42–2–1 (Burns 1984 Supp.), and criminal deviate conduct, a Class B felony, Ind.Code § 35–42–4–2 (Burns 1984 Supp.), and was found to be a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). He was sentenced to consecutive terms of eight, twenty, and thirty years respectively. He raises several issues in this direct appeal which we have consolidated into the following eight:

1. Whether the trial court erred in denying his Motion to Dismiss Count 1;

2. Whether there was sufficient evidence to support the verdicts of the jury on the counts of battery and criminal deviate conduct;

3. Whether the trial court erred in allowing the victim to testify while attired in his full military uniform;

4. Whether the trial court erred in giving two final instructions to the jury over defendant's objection;

5. Whether the trial court erred in overruling defendant's motion for a directed verdict during the habitual offender proceeding;

6. Whether certain instructions were correctly given or denied and a certain exhibit was correctly admitted during the habitual offender proceeding;

7. Whether the trial court erred in denying defendant the opportunity to present evidence to the jury showing that the victim had filed a substantial claim for damages arising out of the incident charged; and

8. Whether the court correctly sentenced defendant.

A brief summary of the facts from the record most favorable to the state shows that the victim was arrested at his home in Anderson, Indiana, on the morning of Saturday, April 4, 1981. The arrest warrant had been issued for a failure to appear on a traffic ticket. The victim was twenty years old at the time. He was taken to the Madison County Jail at about 11:30 a.m. where he was "booked" and served lunch in the waiting area. He was then issued a mattress and a blanket and was taken to the B-cellblock of the jail. He selected a top bunk in one of the cells and lay down on it for about fifteen minutes. Then he heard someone in the next cell to the west call him to come over into that cell. Several inmates were sitting on various bunks in that cell and they told the victim to sit down so they could talk to him.

During the conversation, the other inmates began taunting the victim and one other inmate. The group then began to physically attack both inmates and the victim was severely beaten on the face and body. He screamed for help and tried to get out of the cell door but one inmate, who was identified at trial as the defendant, grabbed him around the neck and choked him until he became quiet. Defendant told the victim that he would protect him from further beatings if he would be his friend. Defendant then threatened the victim with further beatings to force him to have sex with him and engaged in anal intercourse with the victim on one of the bunks. The victim then returned to his own cell but was instructed not to tell any of the deputies what had happened. Other inmates brought his food to him that day and the next day so the deputies would not see what the victim looked like. Defendant called the victim over to his cell the next day and engaged in another act of anal intercourse. Eventually, on Monday, April 6, 1981, the beating and sexual assaults on the victim were reported to the authorities. The victim was taken to a hospital for treatment and it was determined that he had suffered multiple bruises and cuts on his face, eyes, and back, a fractured rib, and a bruised kidney. The victim was not placed back into the same cellblock for the remainder of his stay at the jail and was released on Tuesday, April 7, 1981.

## I.

Defendant first argues that the trial court erred by denying his motion to dismiss the count of battery. He contends that battery was a lesser included offense of criminal deviate conduct. We find no merit to this contention as there were two distinct time periods involved in the actions which were the basis of the instant offenses. The victim was first subjected to a severe beating by several inmates including defendant and was later forced to engage in criminal deviate conduct by defendant. A lesser included offense is necessarily included within the greater offense, *Humes v. State*, (1981) Ind., 426 N.E.2d 379, so criminal acts occurring at different

times could not be lesser included offenses. The language of the information in this case clearly charged defendant with two separate offenses and there was no error in refusing defendant's motion to dismiss the count of battery.

## II.

■ Defendant next contends that there was not sufficient evidence to support the guilty verdicts on the counts of battery and criminal deviate conduct. Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State,* (1984) Ind., 460 N.E.2d 145; *Tunstall v. State,* (1983) Ind., 451 N.E.2d 1077; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986.

The medical testimony showed that the victim suffered severe bruises on his face and a fractured rib and bruised kidney which could have been caused by a severe blow to the back. Defendant alleges that there was no evidence that he was the individual who hit the victim in the back. However, the victim specifically testified that defendant did take part in the general beating and hit him in the chest and ribs with his fists. This is sufficient to show defendant inflicted a serious bodily injury on the victim and was sufficient evidence to support the jury's verdict on the count of battery.

■ Defendant also alleges there was not sufficient evidence to support the jury's verdict on the criminal deviate conduct count as the victim's testimony was uncorroborated. We find no merit to this argument as Indiana law is clear that a conviction for unlawful deviate conduct may be sustained solely upon the uncorroborated testimony of the victim. *Catenacci v. State,* (1982) Ind., 436 N.E.2d 1134; *Cal-*

*bert v. State,* (1981) Ind., 418 N.E.2d 1158. There was no inherent improbability or lack of credibility in the victim's testimony here. In fact, there was some corroboration of the victim's testimony as one of the other inmates testified about putting up a sheet around a bunk and getting some Vaseline for defendant before the sexual acts occurred. There was sufficient evidence before the jury on all the elements of the crimes charged to support the verdicts of guilty beyond a reasonable doubt.

## III.

■ Defendant next contends that the trial court erred in allowing the victim to testify in his full military uniform because this biased the jury in the victim's favor and bolstered the victim's credibility. The record shows that the jury was clearly informed that the victim had joined the military six weeks prior to the date of the trial and that he was not in the service at the time the instant offenses occurred. It is well settled that the manner in which a trial is conducted is generally a matter within the discretion of the trial court. *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202; *Brown v. State,* (1971) 256 Ind. 444, 269 N.E.2d 377. Defendant has presented only his own conclusions as to the effect of the victim's appearance at trial in his military uniform. In other cases, we have found no error in the appearance of police officers in uniform, *Brown v. State,* 256 Ind. at 446, 269 N.E.2d at 378. We find no abuse of discretion here.

## IV.

■ Defendant next alleges that it was error for the trial court to give two final instructions dealing with aiding and abetting the commission of a crime since he was charged as a principal in the information. This issue has already been decided by this Court contrary to defendant's position. Instructions on an accused's liability as an accessory are proper where the accused is charged as a principal, providing the evidence supports such instructions. *Ward v. State,* (1982) Ind., 438 N.E.2d 966;

*Hubbard v. State*, (1982) Ind., 437 N.E.2d 52; *Abrams v. State*, (1980) 273 Ind. 287, 403 N.E.2d 345. There was evidence here that several inmates participated in the beating of the victim and there was conflicting evidence as to which inmate caused the victim's fractured rib. The complained of instructions were supported by the evidence in this case.

## V.

■ Defendant next contends that the trial court erred in overruling his motion for a directed verdict after the state presented its evidence on the habitual offender count. He argues that the state did not prove that his prior convictions were felonies in the state of Illinois where the crimes occurred, and therefore the state failed to establish a prima facie case. The record shows that the state proved that defendant had two prior convictions in Illinois for the crimes of burglary and voluntary manslaughter for which he was sentenced to terms of two and one-half to five years and twelve to twenty years respectively.

It is clear that under Indiana law the classification of crimes as felonies or misdemeanors in other states is not relevant for purposes of establishing a prior felony conviction in determining habitual criminal status in Indiana. We have found that whether an offense is classified as a "felony" is a matter of law predetermined by the legislature and is not a question of fact for the jury. *Smith v. State*, (1982) Ind., 432 N.E.2d 1363; *Griffin v. State*, (1981) Ind., 415 N.E.2d 60; *Collins v. State*, (1981) Ind., 415 N.E.2d 46, 54–55. Our habitual offender statute clearly defines a "prior felony conviction" as "a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year . . . ." Ind.Code § 35–50–2–1 (Burns 1984 Supp.). Here, the state sufficiently proved that defendant had two prior felony convictions as required by our habitual offender statute.

## VI.

■ Defendant next alleges that the court erred in giving two final instructions during the habitual offender proceeding which defined a "felony conviction" for purposes of the habitual offender proceeding and instructed the jury that the crimes of voluntary manslaughter and burglary were both felonies. We find no error in these instructions as they were correct statements of the law. As we discussed above, the state was not required to prove that the crimes were considered felonies in the state of Illinois, and the jury was properly instructed on Indiana law.

■ Defendant also alleges that the court erred in refusing to give his tendered instruction defining voluntary manslaughter. We find no merit to this contention as the elements of the crime of voluntary manslaughter were inappropriate and irrelevant to the jury's consideration of the habitual offender charge. The jury was properly concerned with whether the state had proved that defendant had two prior felony convictions. The elements of the prior offenses were irrelevant. *Smith v. State*, 432 N.E.2d at 1373; *Griffin v. State*, 415 N.E.2d at 66–67.

■ During the habitual offender proceeding, the state offered into evidence several documents from the circuit court in Livingston County, Illinois, concerning defendant's prior conviction for burglary. Defendant objected to one of these documents, State's Exhibit 7(B), which was labeled "Statement of Judge and State's Attorney" and which contained details of the conviction and sentence for burglary but also contained a brief summary of defendant's criminal and mental problems as a juvenile. It is true that some of this document was irrelevant to the determination of defendant's habitual offender status and may have been improperly admitted. However, the record shows that other evidence of defendant's prior criminal conduct was admitted without objection in other exhibits. This included evidence of his bad conduct during his incarceration in jail and the

acts which supported his conviction for voluntary manslaughter.

It is well settled that erroneous admission of evidence is harmless error if it is only cumulative of other undisputed and properly admitted evidence. *Funk v. State*, (1981) Ind., 427 N.E.2d 1081; *Minton v. State*, (1978) 269 Ind. 39, 378 N.E.2d 639. Under the circumstances of this case, the erroneously admitted evidence was at most cumulative to that contained in other exhibits. There was no reversible error in the admission of State's Exhibit No. 7(B).

## VII.

■ Defendant next contends that the trial court erred in denying him the opportunity to present evidence that the victim had filed a civil claim against him for substantial damages. He had planned to introduce into evidence the actual notice of the claim the victim had filed against him but the trial court denied this. He argues that this evidence was necessary to show the interest, bias, or prejudice of the victim and should have been admitted.

However, the record shows that the jury was advised of the victim's filing of a claim against the county commissioners as a result of his injuries. The existence of a separate claim against defendant was not necessarily relevant to the issue of defendant's guilt. We have consistently held that a trial court is accorded wide latitude in ruling on the admission of evidence and his decision will only be reversed upon a showing of abuse of that discretion. *Smith v. State*, (1983) Ind., 455 N.E.2d 346. There was no abuse of discretion here.

## VIII.

Defendant finally contends that the trial court erred in sentencing him on both the counts of battery and criminal deviate conduct and that the total sentence of fifty-eight years was manifestly unreasonable. We have already held in Issue I above that the battery count was not a lesser included offense of the criminal deviate conduct under the circumstances of this case. There

was no error in the trial court's sentencing defendant on both counts here.

Defendant also alleges that the trial court did not state sufficient reasons for enhancing the sentences on both counts and ordering that the sentences be served consecutively. The record shows that the court did list several reasons for giving the enhanced terms of imprisonment and the consecutive sentences:

"First of all, the defendant does have a history of criminal activities which includes a 1970 conviction for manslaughter in Chicago, Illinois. A 1975 conviction for burglary in Pontiac, Illinois. Secondly, it's the court's feeling that the defendant is in need of correctional or rehabilitative treatment because the defendant shows no history of ever settling down and does not appear to ever have a steady employment. Further, that the defendant appears to be an individual who acts and reacts spontaneously without regard to the consequences of his actions or the results that might proceed therefrom. Further, because the defendant appears to be an individual predisposed to the commission of crimes of violence. Thirdly, the imposition of reduced sentence in this cause would in the court's opinion depreciate the seriousness of this crime and in fact the circumstances that surrounding the crime in the court's opinion due at a fourth reason that it brought a great deal of humiliation and embarrassment to the victim of the crime and I would agree with the State that it is probably one of the most distasteful crimes in terms of victim's feelings and the court would consider that as an additional reason for imposition of aggravating terms of imprisonment as well as the imposition of consecutive sentences."

■ It is firmly established that when the trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or aggravating circum-

stances. The record must further show that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives to be served by that sentence. *Allen v. State,* (1983) Ind., 453 N.E.2d 1011; *Washington v. State,* (1981) Ind., 422 N.E.2d 1218; *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316. Furthermore, we have consistently held that under our present sentencing statutes the alternative ways of increasing a particular sentence are not mutually exclusive. A court may, upon consideration of relevant facts and information, increase the basic penalties, impose consecutive sentences, or both. *Washington v. State,* 422 N.E.2d at 1221; *Mott v. State,* (1980) 273 Ind. 216, 402 N.E.2d 986.

Here, the record shows that defendant purposefully took advantage of the victim when he was in a defenseless condition. In light of the defendant's prior criminal history, the nature of the offenses and the character of defendant, the sentence cannot be deemed manifestly unreasonable. Sentencing is a decision within the trial court's discretion and will be reversed only upon a showing of a manifest abuse of discretion. *Lang v. State,* (1984) Ind., 461 N.E.2d 1110; *Arnold v. State,* (1984) Ind., 460 N.E.2d 494. The sentence here is within statutory limits and is supported by a sufficient statement of aggravating circumstances. We find no abuse of discretion in the sentences imposed.

However, we do note that the entry on sentencing which lists three consecutive sentences of eight, twenty, and thirty years is not correct. A finding that a defendant is a habitual offender allows the trial court to enhance the sentence of the underlying felony. The habitual offender statute does not set forth an offense in and of itself. Ind.Code § 35–50–2–8 (Burns 1984 Supp.). Here, since there are two underlying felony sentences, the judge must choose one to be enhanced. *St. Mociers v. State,* (1984) Ind., 459 N.E.2d 26; *Short v. State,* (1982) Ind., 443 N.E.2d 298.

We remand this cause to the trial court for the correction of the sentence as it regards the habitual offender status. The trial court is in all other things affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.