**John Ray AGEE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 984S337.

Supreme Court of Indiana.

March 27, 1986.

J.A. Cummins, Public Defender for Delaware Co., Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Indianapolis, for appellee.

SHEPARD, Justice.

Appellant John Ray Agee was convicted after trial by jury of robbery, a Class B felony, Ind.Code § 35–42–5–1, burglary, a Class B felony, Ind.Code § 35–43–2–1, and theft, a Class D felony, Ind.Code § 35–43–4–2. He was sentenced to terms of imprisonment of 20 years, 10 years, and two years, respectively, with the theft sentence to run consecutively to the sentence for robbery. He raises the following issues in this direct appeal:

1. Whether the court erred in overruling his motion for mistrial after the police officer who conducted a pretrial line-up indicated he was familiar with Agee prior to the line-up; and,

2. Whether the sentence imposed by the court was contradictory and unreasonable.

We affirm.

### I. Mistrial

■ The two victims of the crimes had viewed a pre-trial line-up of which appellant was a member. The police officer who conducted the line-up testified about the procedure, and he said each victim chose Agee as the perpetrator of the crimes. The officer was then asked to identify Agee in court. When he did, the prosecutor asked, "Prior to this line-up being conducted, did you know who John Agee was?" The officer answered, "Yes".

Defense counsel objected and asked to argue his point outside the presence of the jury. His argument then and now has been that the officer's statement that he knew Agee before the line up prejudiced appellant because the jury could conclude from the testimony that the acquaintance was a result of Agee's prior criminal conduct.

Agee has shown neither error nor prejudice. The state argues plausibly that the officer's testimony was elicited only to establish that the individual selected from the line-up by the victims was in fact Agee.

The jury was aware that Agee was a suspect in the crimes prior to the line-up. Obviously, the investigating officer had to have some knowledge of Agee in order to bring him in for the line-up. We find nothing inflammatory about the challenged testimony.

### II. Sentencing

Agee claims the sentences imposed for his crimes were contradictory and unreasonable. He was sentenced as follows:

THE COURT: Court considers the mitigating and ... aggravating circumstances with regard to Count I, which is a Class B felony. The mitigating circumstances that the court finds is the age of the defendant and his possible health, although I don't see that that is a particular as far as it might involve upon incar-

ceration. Certainly in no way condones or excuses the behavior. As far as aggravaing circumstances there are several. A person who has followed a line of behavior has basically lead him to convictions as an adult, two in 1978 again in 1982, and then this particular offense, this Class B felony again in ... 1982. So I really don't have much hope of an affirmative response to probation. The crime being the result of circumstances that the testimony related in this particular offense, showed basically, you have the breaking and entering into a person's dwelling, you have this done with a person armed with a deadly weapon and you have the threatened use of that deadly weapon. In position under the circumstances of a reduced sentence or suspension would obviously depreciate the seriousness of the crime.... You are to receive an executed sentence of twenty years.... With regard to burglary Count II also a Class B felony, the court does sentence you to ten years.... This sentence is to be served concurrently with the sentence in Count I. Count III theft Class D felony, and before I go on to Count III Class D felony, I want the defendant to understand that the Court has considered the mitigating and aggravating circumstances, in line with Count II along basically the same lines that I have with regard to Count I. With regard to Count III, theft Class D felony you are to receive an executed sentence of two years.... This is to be served consecutively to Count I.

■ Appellant argues specifically that the contradiction lies in the court's decision to enhance his robbery sentence and impose a consecutive sentence for the theft while sentencing the appellant to presumptive terms for burglary and theft. He asserts that no reasonable person could have found a maximum sentence appropriate on one conviction while imposing only the presumptive sentence on the other two convictions.

Agee cannot produce authority in support of his claim. What he has called con-tradictory and unreasonable is neither; rather, the sentencing judge properly exercised the discretion given him by the statute. Ind.Code § 35–38–1–7 (Burns 1985 Supp.); *Allen v. State* (1983), Ind., 453 N.E.2d 1011.

Sentencing is not an exact method, and reasonable people will often differ on the appropriate sentence. It is for that reason that courts are given latitude in their sentencing determinations. To insist that a sentencing court impose, for example, a presumptive term for all crimes if it imposes the presumptive on one would result in penalties artificially imposed and untailored to the character of the offense and the offender, contrary to the sentencing criteria established by law. Ind.Code § 35–38–1–7 (Burns 1985 Supp.).

Here, the trial court found aggravating circumstances in Agee's criminal history and the fact that the seriousness of the crime would be depreciated by a reduced sentence. These are two proper considerations in enhancing a sentence and imposing consecutive sentences. *Id.* It was within the judge's discretion in sentencing for each of the three crimes to determine the weight and effect to be given the aggravating factors, and we would reverse only upon a showing of manifest abuse of discretion. *Allen v. State, supra,* 453 N.E.2d 1011. Agee has not shown that the court acted beyond its discretion.

■ Agee's next argument fails for the same reason. He claims the court erred in giving less weight to the fact of appellant's epilepsy than it did to the aggravating factors. The court was not required to give Agee's physical condition the same weight in mitigation as Agee urges. *Gibbs v. State* (1984), Ind., 460 N.E.2d 1217.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.