James SMITH, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 685S221.

Supreme Court of Indiana.

April 14, 1986.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James Smith, Jr. was convicted at the conclusion of a jury trial in the Marion County Superior Court of two (2) counts of robbery with a deadly

weapon, class B felonies, and one count each of confinement, a class B felony, and kidnapping, a class A felony. He received three twenty (20) year sentences for the class B felonies and a fifty (50) year sentence for the class A felony, all sentences to be served consecutively, for a total sentence of 110 years. On direct appeal he raises the following issues:

1. whether certain photographs were properly admitted;

2. whether Appellant's statements to police officers were made voluntarily; and

3. whether Appellant was properly sentenced.

On August 9, 1983, Appellant entered the North Keystone Avenue branch of Merchant's National Bank, armed with a handgun. He announced the robbery, jumped behind the teller cages, and ordered the tellers at gunpoint to empty their cash drawers. Appellant then ordered the manager at gunpoint to open the vault, but fled before it was opened. He grabbed an elderly man as he left, using the man to shield himself from the police officer outside. Appellant forced the officer to lay down his firearm, which Appellant grabbed as he escaped.

I

Appellant first argues that certain photographs were erroneously admitted into evidence. He contends State's Exhibits Nos. 8, 9, 10, 11, and 12, photographs depicting a stocking mask and hat Appellant wore and discarded in the bank, were improperly admitted into evidence because State's witness Murphy expressed doubts as to the truth and accuracy of the photographs.

Admission of photographs into evidence is within the sound discretion of the trial court and reversal will be granted only upon a showing of abuse of that discretion. *Morrison v. State* (1984), Ind., 462 N.E.2d 72, 75. To be admitted it must first be shown that the photographs are a true and accurate representation of the things they are to portray. *Brumfield v. State* (1982), Ind., 442 N.E.2d 973, 975.

Murphy testified on direct examination that each exhibit at issue was a true and accurate representation of what it purported to represent. Murphy stated, upon questioning by defense counsel, that there was nothing unique about the stocking mask in the picture; however, he also stated that he recognized the floor area and work stations as those in his bank. He also stated he recognized the hat in the picture due to the embroidery and inscription. The witness managed the bank and was present at the robbery and when the pictures were taken. His testimony that the pictures were true and accurate representations was sufficient to admit the photographs despite questioning by defense counsel. Furthermore, the stocking mask and hat subsequently were admitted into evidence without objection. We have held that admission of improper evidence does not require reversal where it discloses only a fact proven by other properly admitted evidence. *Moore v. State* (1984), Ind., 467 N.E.2d 720, 723.

Appellant Smith's second contention on this issue is that State's Exhibits Nos. 22, 23, and 24, pictures taken of him during the commission of the robbery by the bank's mounted camera, were improperly admitted because the State failed to establish a proper foundation for their admission under the guidelines set forth in *Bergner v. State* (1979), Ind.App., 397 N.E.2d 1012, 1017, *tr. denied* (1980) and approved by this Court in *Torres v. State* (1982), Ind., 442 N.E.2d 1021, 1024–1025, and *Groves v. State* (1983), Ind., 456 N.E.2d 720, 721. His sole objection at trial was that State's witness Mulry could not testify the pictures were a true and accurate representation. As pointed out in *Torres* and *Groves*, in the case of demonstrative evidence, photographs are merely visual aids that assist in the presentation and interpretation of testimony. The testimony from the supporting witness must be that the photographs accurately depict the scene or occurrence as it appeared at the time in question, in this case during the occurrence of the robbery. *Averhart v. State* (1984),

Ind., 470 N.E.2d 666, 692–693, *reh. denied* (1984). When photographs are admitted as substantive evidence under the "silent witness theory," however, the foundational requirements for their admission are vastly different from the foundational requirements for demonstrative evidence. This foundational difference is the major distinction between demonstrative and substantive evidence. With substantive evidence the witness must give identifying testimony of the scene that appears in the photograph and the photograph is then a silent witness as to what activity is being depicted. The witness is not required to testify that the photograph is an accurate representation of the scene as it appeared on a given day. As a matter of fact, in many instances the witness would not be able to so testify since he or she was not necessarily there to observe the scene on that day. This was true in *Torres*, and *Groves*. In the instant case, the photographs represented by State's Exhibits Nos. 22, 23, and 24, were taken by the bank's automatic camera at the time of the robbery. Witness Nancy Gibbons, an employee of the bank, testified that she activated the bank's cameras by pressing a button when appellant jumped up on the counter. There was no testimony indicating when and how the camera was loaded or whether the camera was examined on that morning to determine the condition of the film. However, further testimony of Nancy Gibbons and FBI agent Raymond Mulry, sufficiently established foundational requirements to render the photographs admissible. Mulry testified that the Diebold Alarm man, James Parker, got the keys to the camera and removed the film in his presence immediately after the robbery. Mulry then took the film to his office in the Federal Building that same day, processed the film, located the robbery sequence, and printed the photographs himself. The photographs were in his exclusive possession from that date until the date of trial. Nancy Gibbons testified that the photographs accurately depicted what occurred during the robbery including the identification of Appellant as the perpetrator. Since Nancy Gibbons was present at the time of the robbery and observed the scene, her testimony constituted adequate foundation for the admission of the photographs. Furthermore, Detective Larkins testified that the Appellant himself looked at the photographs during his statement and stated he was the man depicted in the photographs. The testimony of the above witnesses gave ample evidence authenticating the photographs and sufficiently indicated the photographs had not been altered. The trial court accordingly did not err in permitting their admission into evidence.

## II

Appellant next alleges the trial court erred in admitting statements he made to police officers, which statements were not voluntarily made. Appellant's argument is based on the fact that his mother allegedly observed signs of a beating on the day after his arrest, and on results of court-ordered psychiatric evaluations.

■ The admissibility of a statement is controlled by determining, from the totality of the circumstances, whether or not it was made voluntarily. The same test determines whether a waiver of *Miranda* rights has occurred. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 484.

■ Appellant was interrogated by Officer Larkins at police headquarters shortly after his arrest. Larkins began by asking Appellant questions about his family, education, and employment. When he determined Appellant sufficiently understood what he was doing, Larkins advised him of his rights and had him read and sign a rights waiver form. Appellant stated there had been no force, threats, or promises made to induce him to give the statement. Larkins did testify that there was a physical confrontation between him and Appellant, but maintained it happened about three days after the interrogation and was initiated when Appellant charged at him. Larkins further testified he struck Appellant only in the chest. Two court-appointed

doctors testified that although Appellant had a low I.Q., he was of sound mind.

On appeal we review these questions as we do other sufficiency matters. We do not weigh the evidence or judge the witness' credibility, but rather, determine whether there is substantial probative evidence to support the trial court's finding. *Lewis v. State* (1979), 272 Ind. 365, 368, 397 N.E.2d 983, 985, *reh. denied* (1980). The evidence set forth in the paragraph above, while not without conflict, is substantially probative to support the trial court's finding that Appellant voluntarily made the statements.

### III

Finally, Appellant maintains his sentence was improperly imposed because it exceeded the presumptive sentence but did not list the aggravating circumstances in support thereof. Appellant maintains the trial court did not show a relation of the facts of the specific crime to the sentence imposed and the objectives served by that sentence.

██ It is within the discretion of the trial court to determine whether terms of imprisonment shall be served concurrently or consecutively. *Lash v. State* (1982), Ind., 433 N.E.2d 764, 765–766; Ind.Code § 35–50–1–2(a) (Burns 1985). Furthermore, the trial court possesses the discretion to increase or decrease a presumptive sentence. *Allen v. State* (1983), Ind., 453 N.E.2d 1011, 1012; Ind.Code § 35–38–1–7. However, in imposing an increased or consecutive sentence, the record must show a consideration by the judge of the facts of the specific crime and the relation of the sentence to the objectives to be served by that sentence. *Allen*, Ind., 453 N.E.2d at 1012. It is insufficient for the trial court merely to list the statutory, aggravating factors relied on to enhance the sentence. *Farina v. State* (1982), Ind., 442 N.E.2d 1104, 1106.

██ In the present case the trial court found Appellant's history of continual activity to be an aggravating factor after relating that the history included vehicle theft, criminal mischief, resisting arrest, violation of the 1935 Firearms Act, two cases concerning attempted murder and robbery, and one case concerning kidnapping, attempted murder, and attempted escape. The trial court further pointed out that Appellant is in need of correctional and rehabilitative treatment and that a reduced sentence would depreciate the seriousness of the crime. The trial court based this on psychiatric findings that Appellant is a dangerous and violent person. The trial court also pointed out that one victim was 69 years old, another statutory reason for the aggravated sentence. Finally the trial court considered the fact that while the present case was pending Appellant took his public defender hostage and inflicted serious physical and mental injury upon him. The trial court's statement sentencing Appellant adequately informed this Court of the reasons and logic supporting the sentence. *See Farina*, Ind., 442 N.E.2d at 1106.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.