## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2016, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas G. Collins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 26, 2016

Court of Appeals Case No.
79A02-1509-CR-1439

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1504-F5-26

**May, Judge.**

[1] Nicholas G. Collins appeals his sentence for Level 5 felony operating a motor vehicle while privileges are forfeited for life.[1] Collins raises two issues:

1) Whether the trial court abused its discretion when considering mitigating circumstances, and

2) Whether his sentence is inappropriate.

[2] We affirm.

# Facts and Procedural History

[3] On March 16, 2015, Collins began serving a sentence at Community Corrections for operating a motor vehicle while privileges are forfeited for life. On April 16, 2015, staff at Community Corrections saw him drive a car into the parking lot. Collins was arrested and charged with Level 5 operating a motor vehicle while privileges are forfeited for life.

[4] On July 23, 2015, Collins pleaded guilty without benefit of a plea agreement. Collins said he drove the car because his moped was "messed up" and he "didn't want to miss [his] meeting down there at Community Corrections." (Tr. at 15.) The trial court sentenced Collins to five years to be served at the Department of Correction.

---

[1] Ind. Code § 9-30-10-17 (2015).

# Discussion and Decision

## 1. Mitigating Circumstances

[5] Collins asserts the trial court entered his sentence without considering the mitigating circumstance of undue hardship on his dependents. Sentencing rests within the sound discretion of the trial court and if the sentence is within the statutory range, we review it for an abuse of discretion. *Croy v. State,* 953 N.E.2d 660, 663 (Ind. Ct. App. 2011), *reh'g denied.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the evidence before the court or the reasonable inferences to be drawn therefrom. *Id.*

[6] When challenging the court's finding of mitigators, an appellant has the burden of showing the alleged mitigator was offered to the trial court and is both significant and clearly supported by the record. *Anglemyer v. State,* 868 N.E.2d 482, 493 (Ind. 2007), *modified on other grounds on reh'g* 875 N.E.2d 218 (Ind. 2007). A trial court is not required to accept a defendant's argument as to what is a mitigating factor or to provide mitigating factors the same weight as does a defendant. *Conley v. State,* 972 N.E.2d 864, 873 (Ind. 2012), *reh'g denied.* It is not error to decline to find a mitigating factor that is "highly disputable in nature, weight, or significance." *Healey v. State,* 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) (citation omitted), *trans. denied.* A trial court is not required to explain why it did not find a factor significantly mitigating. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied*.

[7] Collins contends the trial court should have found a mitigator in the hardship his incarceration would cause his minor children. He testified their grandparents "are struggling to provide for them and take care of them while [he's] incarcerated." (Tr. at 28.) However, he presented no other supporting evidence, and the trial court was not required to believe his self-serving testimony. *See Allen v. State*, 453 N.E.2d 1011, 1013 (Ind. 1983) (trial "court had no duty to believe defendant's self-serving statements . . . so these statements cannot be considered as mitigating circumstances").

[8] Nor does Collins explain on appeal why this mitigator is particularly significant. As many incarcerated people have children, absent special circumstances, the trial court was not required to find Collins' incarceration would cause his dependents undue hardship. *See Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999) (trial courts are not required to find undue hardship on dependents if no special circumstances presented). As Collins has not demonstrated the trial court overlooked a significant mitigator that was clearly supported by the record, we find no abuse of discretion.

## 2. Appropriateness of Sentence

[9] Collins also asserts his sentence is inappropriate and requests we reduce the five-year sentence to four years as his offense was not particularly egregious and his criminal history does not include violent offenses. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). As we conduct our review, we consider

"myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a level 5 felony is "a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b) (2014).

[11] Regarding the nature of the offense, Collins, while serving a sentence for driving on a forfeited license, drove his vehicle to Community Corrections. While the judge stated the offense was not very egregious, we also find nothing in the record to indicate it was any less egregious than a typical operating a motor vehicle while privileges are forfeited for life offense.

[12] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.*

[13] Collins' criminal history started while he was a juvenile. He was placed on diversion for theft; placed on an informal adjustment for obstruction of justice, minor consumption, and theft; adjudicated a delinquent for assisting a criminal

and possession of paraphernalia; and waived from juvenile jurisdiction for possession of marijuana, possession of paraphernalia, and theft. As an adult, Collins has been convicted of two counts of possession of marijuana; two counts of resisting law enforcement; and one count each of criminal trespass, residential entry, operating while intoxicated, being an habitual substance offender, operating a vehicle as an habitual traffic violator, operating a motor vehicle after lifetime forfeiture of driving privileges, and criminal conversion. Four other charges were dismissed pursuant to plea agreements. While he was serving the sentences for those convictions, Collins' probation was revoked four times. The trial court noted:

> [I]ts [sic] time and time and time and time again that you continue to violate the laws of this State and after been [sic] given several opportunities. But yet, you've shown an unwillingness to follow the rules and to follow what your [sic] expected to for Probation.

(Tr. at 38-39.)

[14] Collins' criminal history and the fact that he repeatedly flouts the rules reflect Collins' disregard for the law. *See Sanchez v. State*, 891 N.E.2d 174, 177 (Ind. Ct. App. 2008) (disregard for laws speaks to character). In light of Collins' character, we cannot find his five-year sentence was inappropriate. *See, e.g., Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013) (affirming sentence as not inappropriate based on criminal history).

# Conclusion

[15] Collins has not demonstrated the trial court abused its discretion in its consideration of mitigating factors or that his sentence is inappropriate. Accordingly, we affirm.

[16] Affirmed.

Baker, J., and Brown, J., concur.