Jeffrey D. PRITCHARD,
Appellant–Plaintiff,

v.

STATE of Indiana, Appellee–Defendant.

No. 29A02–0310–CR–846.

Court of Appeals of Indiana.

June 24, 2004.

---

Steven P. Stoesz, Westfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Jeffrey Pritchard appeals his conviction for Battery,[1] a class A misdemeanor. Specifically, Pritchard raises three issues, which we consolidate and restate as whether the trial court properly allowed into evidence testimony regarding what two witnesses saw on a video recording that no longer existed on the day of the trial. Finding that the testimony was not inadmissible hearsay and that the silent witness theory does not apply, we affirm.

## FACTS

The evidence most favorable to the judgment reveals that on February 13, 2003, Pritchard and Patrick Brown were both inmates in cell block E–5 at the Hamilton County Jail. A few minutes after lunch on that afternoon, Brown sat down at the desk in his cell and began to write a letter with his back to the door. Pritchard entered the cell, slammed Brown's head against the wall, and started to beat him. Brown was stabbed during the attack. Approximately seven minutes later, Pritchard quickly left the cell and ran into the shower area, throwing something into the shower. He then returned to his cell, and his cellmate then entered the shower and walked back to their cell a minute or two later.

---

1. Ind.Code § 35–42–2–1(a)(1)(A).

Meanwhile, Brown pushed the panic button in his cell, and Sergeant Hal Kogan responded. He found Brown covered in blood, with a knot on his head and a cut on his leg. Nurse Peggy Ann Hoye was called to attend to Brown, and the jail went into lock-down status. During the lock-down search, a plastic "shank"[2] was discovered in Pritchard's cell. Before Brown was taken to the hospital for additional treatment, he stated that "one of those new guys" had attacked him. Tr. p. 32. Brown was then shown a photograph of Pritchard, and Brown identified him as the assailant. Sergeant Kogan and Nurse Hoye reviewed the jail surveillance recording of the incident. The video recording showed Pritchard's entrance into Brown's cell, his departure, his act of discarding something into the shower area, and his cellmate's act of entering and exiting the shower area.

On February 25, 2003, the State charged Pritchard with battery. Brown testified at the bench trial that Pritchard had something in his hand as he struck him, but Brown did not know what the object was. Sergeant Kogan and Nurse Hoye testified as to what they observed on the jail surveillance recording, but the videotape itself was never introduced because it had been "purged." Tr. p. 60. Pritchard objected to this testimony, arguing that it was hearsay, but the trial court overruled the objection. The trial court found Pritchard guilty as charged, and Pritchard now appeals.

### DISCUSSION AND DECISION

■ Pritchard argues that his conviction must be overturned because the trial court improperly admitted into evidence the testimony regarding the contents of the videotape. Specifically, he contends that the testimony of Sergeant Kogan and Nurse Hoye was impermissible hearsay and that the "silent witness" theory does not apply.

The decision to admit or exclude evidence is within the trial court's sound discretion, and that decision is afforded a great deal of deference on appeal. *Bacher v. State*, 686 N.E.2d 791, 793 (Ind.1997). The admission or exclusion of evidence will not generally be reversed absent a manifest abuse of discretion that results in a denial of a fair trial. *Zawacki v. State*, 753 N.E.2d 100, 102 (Ind.Ct.App.2001), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

In resolving the issue that Pritchard presents today, we first note that hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evid. R. 801(c). "A statement is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Ind. Evid. R. 801(a). To be an assertion, the statement must allege a fact susceptible of being true or false. *Vertner v. State*, 793 N.E.2d 1148, 1151 (Ind.Ct.App.2003). Hearsay is generally inadmissible unless it falls within an exception to the rule. Ind. Evid. R. 802.

■ The testimony of Sergeant Kogan and Nurse Hoye was a recounting of what they saw in the recording. For purposes of the admissibility of their testimony, this is no different than if they had been standing on cell block E–5 observing the incident. They clearly can testify to things that are within their personal knowledge.[3] Evid. R. 602. The only ques-

---

**2.** "Shank" is a slang term for a homemade knife.

**3.** Pritchard also argues that the introduction of the testimony regarding the contents of the

tion is whether—in accordance with Pritchard's objection—the video recording itself constitutes hearsay. We can only conclude that it does not. Pritchard's conduct in entering Brown's cell, running from it, and throwing something into the shower area was not intended to be an "assertion" by him within the meaning of our rules of evidence. Nor did his cellmate intend his conduct in entering and exiting the showers to be an assertion. Inasmuch as no out-of-court statement was made, the recording was not hearsay.

 Even if it could be concluded that it was error for the trial court to admit the testimony regarding the contents of the recording, the error would have been harmless. Pritchard argues that he was prejudiced because the recording tended to show that he had a weapon and that he did not act in self-defense. However, Brown testified that Pritchard stabbed him and that he "could tell there was something in [Pritchard's hand] but I didn't know what it was." Tr. p. 29, 31. Thus, the testimony as to a weapon was merely cumulative. *Blanchard v. State*, 802 N.E.2d 14, 30 (Ind.Ct.App.2004) (stating that admission of evidence that is merely cumulative is not grounds for reversal). Additionally, the testimony about the recording showed nothing with regard to Pritchard's claim of self-defense inasmuch as the recording did not show what happened inside the cell. Tr. p. 15–18; 47. Therefore, we cannot say that Pritchard was prejudiced by the admission of the testimony regarding the contents of the recording.

Having said that, we find it disturbing that such an important piece of evidence was "purged" before it could be presented at trial. Clearly prison officials knew how important the recording would be inasmuch as they viewed it immediately following the incident. We strongly encourage prison officials to make all efforts to preserve such a recording when future incidents occur so that it may be presented at trial.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.

---

video recording was error under the "silent witness theory." Under the silent witness theory, video recordings and photographic evidence may be admitted as substantive evidence, rather than merely as demonstrative evidence. *Edwards v. State*, 762 N.E.2d 128, 136 (Ind.Ct.App.2002), *trans. denied.* Howev-

er, the video recording in this case was never admitted, and Indiana Rule of Evidence 602 permits Sergeant Kogan and Nurse Hoye to testify to things that are within their personal knowledge, such as what the video recording showed. Therefore, the silent witness theory is inapplicable.