**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2014, 6:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DORI NEWMAN**
Newman & Newman, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CLARK A. KLEMME,                    )
                                    )
    Appellant-Defendant,        )
                                    )
        vs.               )    No. 29A04-1309-CR-488
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.          )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Bardach, Judge
Cause No. 29D06-1211-FD-10737

**September 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Clark A. Klemme appeals his convictions for two counts of class D felony theft. The sole issue presented for our review is whether the trial court abused its discretion when it admitted certain evidence at trial. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

Douglas Gard owns a UPS store in Fishers. At approximately 8:00 a.m. on Monday, November 19, 2012, Gard was summoned to the store by his store manager. When he arrived, Gard observed that the plastic coin collection box used for charitable donations that had been attached to the front counter was broken into pieces on the floor and the money that had been inside was missing. Gard decided to review the store's surveillance video. Earlier in 2012, Gard had personally installed "eight digital closed circuit recording cameras" that recorded all areas of the store. Tr. at 174. Those cameras recorded the store premises "24/7" and saved the recordings for forty-five to fifty days. *Id*. at 175. Although the store is closed for business on Sundays, it is accessible to mailbox rental customers and prepaid copy customers. The video footage recorded on Sunday, November 18, 2012, showed an individual entering the UPS store, knocking the donation box off the counter, and taking the money that was inside. The footage also showed the individual forcing open locked cabinets, taking out reams of paper, and taking a moving box that was displayed for sale. Gard recognized the individual "clearly" and "obviously" as Klemme, a "mailbox customer" of the store. *Id*. at 193. Gard recognized Klemme from the copy of Klemme's photo identification the store maintained on file, and also because Klemme had been in the store during business

2

hours and Gard makes it a point to "get to know" his customers, "especially mailbox customers." *Id.* After reviewing the video, Gard contacted the police.

Fishers Police Officer Thomas Brooks responded to the scene. Officer Brooks saw the empty and broken donation box on the floor and spoke to Gard about the other missing items. Officer Brooks reviewed the surveillance video and made a report regarding what he observed. Gard told Officer Brooks that he believed that Klemme was the individual in the video, and he gave Officer Brooks a copy of Klemme's photo identification. Gard then downloaded a copy of the surveillance video onto a flash drive and gave it to Officer Brooks.

Gard subsequently decided to also watch surveillance video from prior days. While watching additional video, Gard observed that on November 10, 2012, Klemme took a fifty-dollar moving kit that was "clearly marked for sale with price tags" from the store. *Id.* at 205. After Gard reviewed inventory and sales records for the store, he determined that the moving kit had never been sold and that it was missing from inventory. Klemme neither purchased nor had permission to take the moving kit. Gard contacted Officer Brooks regarding the additional missing item. Officer Brooks also watched the surveillance footage and believed that it was the same individual as in the November 18, 2012 footage. Thereafter, the State charged Klemme with two counts of class D felony theft. Following a jury trial, Klemme was found guilty as charged. This appeal ensued.

### Discussion and Decision

Klemme challenges the trial court's decision to admit certain evidence, over his objections, at trial. We review a trial court's decision to admit or exclude evidence for an

3

abuse of discretion. *Young v. State*, 980 N.E.2d 412, 417 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id*. We will address Klemme's three claims of error in turn.

## Section 1 – Police Officer Testimony

Klemme first asserts that the trial court abused its discretion when it admitted Officer Brooks's testimony regarding what he observed on the surveillance video. Specifically, Klemme objected to the testimony arguing that it was not the best evidence of the events that occurred and that the video could "speak for itself." Tr. at 161.

At the time of Klemme's jury trial, Indiana Evidence Rule 1002, also known as the best evidence rule, provided in relevant part: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute."[1] The purpose of the best evidence rule is to assure that the trier of fact has before it the evidence upon any issue that will best enable it to arrive at the truth. *Crosson v. State*, 268 Ind. 511, 518, 376 N.E.2d 1136, 1141 (1978). We note that Klemme did not challenge the accuracy of Officer Brooks's description of what he saw on the video at trial, nor does he make such challenge on appeal. To obtain reversal "for the improper use of secondary evidence, '[a]n effective objection must identify an actual dispute over the accuracy of the secondary evidence.'" *Jones v. State*, 780 N.E.2d 373, 378 (Ind.

---

[1] The rule was amended effective January 1, 2014.

2002) (quoting *Lopez v. State*, 527 N.E.2d 1119, 1125 (Ind. 1988)).[2] Klemme identifies no such dispute. The trial court did not abuse its discretion when it admitted the testimony.

Moreover, even assuming that the testimony was erroneously admitted, any error was harmless. Harmless error is an error that does not affect the substantial rights of a party. *Littler v. State*, 871 N.E.2d 276, 278 (Ind. 2007). Here, the jury subsequently viewed the video, or best evidence, of the events, and Gard positively identified Klemme as the individual committing crimes in both videos. Thus, we cannot say that the admission of Officer Brooks's testimony prior to the admission of the recordings themselves prejudiced Klemme's substantial rights. Based on the foregoing, we conclude that the trial court neither abused its discretion nor committed reversible error when it admitted Officer Brooks's testimony.

**Section 2 – Surveillance Video**

We next address Klemme's challenge to the trial court's admission of the DVD copies of the surveillance video footage from the UPS store. Klemme objected to the admission of the footage arguing that the State presented an insufficient foundation for the "chain of custody" of the footage pursuant to the "silent witness" theory. Tr. at 186, 200. We disagree.

---

[2] On appeal, Klemme maintains that Officer Brooks's testimony constitutes inadmissible hearsay. Because Klemme failed to object at trial on this basis, his claim is waived. *See Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011) (defendant may not argue one ground for an objection to the admission of evidence at trial and then raise new grounds on appeal). Waiver notwithstanding, this Court has concluded that, for the purposes of admissibility, testimony by a witness merely recounting what he or she observed on a recording is not hearsay. *Pritchard v. State*, 810 N.E.2d 758, 760 (Ind. Ct. App. 2004). Such testimony is no different than if the witness had observed the incident live and is testifying to things within his or her personal knowledge. *Id*. (citing Ind. Evidence Rule 602).

Our supreme court recently noted that the "foundation required for admitting a photograph depends on its use at trial." *Knapp v. State*, 9 N.E.3d 1274, 1282 (Ind. 2014). While in most cases, photos are admitted only as demonstrative evidence, certain types of photos, such as security camera footage, "'are admitted as substantive evidence' as 'silent witness [es] to what activity is being depicted.'" *Id.* (quoting *Smith v. State*, 491 N.E.2d 193, 195 (Ind. 1986)). Pursuant to the silent witness theory, "videotapes may be admitted as substantive evidence, but 'there must be a strong showing of [the videotape's] authenticity and competency.'" *McHenry v. State*, 820 N.E.2d 124, 128 (Ind. 2005) (quoting *Edwards v. State*, 762 N.E.2d 128, 136 (Ind. Ct. App. 2002), *trans. denied*.). Also, "when automatic cameras are involved, 'there should be evidence as to how and when the camera was loaded, how frequently the camera was activated, when the photographs were taken, and the processing and changing of custody of the film after its removal from the camera.'" *Id.* Regarding the last requirement, the chain of custody of the film, "the State is not required to exclude every reasonable possibility of tampering, but rather must only provide reasonable assurance that an exhibit has passed through various hands in an undisturbed condition." *Kindred v. State*, 524 N.E.2d 279, 298 (Ind. 1988).

Here, the surveillance footage was clearly offered and admitted for substantive purposes as a silent witness of the criminal activity that occurred within the UPS store. Gard provided extensive and detailed testimony explaining his personal installation, maintenance, and operation of the store's surveillance system. He explained how he reviewed the footage and then downloaded the footage onto a flash drive. He testified that he personally gave the

6

flash drive to the police, who "in turn put it on a disc." Tr. at 199. Gard stated that he later reviewed the discs upon which the footage was copied and put his initials on them to verify that they contained the footage from his security cameras. Gard identified the discs presented for admission at trial as the same discs of the surveillance footage taken on November 10, and 18, 2012. This testimony provided more than a sufficient foundation to show the competency and authenticity of the offered evidence as well as reasonable assurance that the evidence had not been altered. For silent witness purposes, that is all that was required. Klemme's foundation challenge fails.

### Section 3 – Still Photograph

Klemme also objected at trial to the admission of a still photograph of him that was created from the November 18, 2012 surveillance footage. Klemme's objection was again based upon insufficient foundation and chain of custody concerns pursuant to the silent witness theory. Police Detective Robert Baker testified that he personally created the still photograph from the camera footage provided to the police by Gard and he identified the photograph offered at trial as the same photograph that he created. Indeed, he testified regarding the specific portion of the footage from which he isolated the image. Nevertheless, Klemme maintains that "Detective Baker did not adequately testify [to] his method of isolating the image from the November 18th video clip" and argues that "there [is] no evidence from a property room technician about the safe keeping of the video before Detective Baker made the image from the same." Appellant's Br. at 14. However, as discussed above, the State laid a sufficient foundation establishing the authenticity and

7

competency of the surveillance footage, and the still photograph is merely a duplicate derived from the original. Moreover, there is no evidence that the photograph was altered or changed. As with his foundation challenge to the footage itself, Klemme's challenge to the still photograph fails. *See Rogers v. State*, 902 N.E.2d 871, 877 (Ind. Ct. App. 2009) (discs and photographs derived from an original recording were merely duplicates and, absent evidence that they were altered or changed, were admissible and conformed to requirements of silent witness theory). We conclude that the trial court did not abuse its discretion in admitting the still photograph into evidence. Therefore, we affirm Klemme's convictions.

Affirmed.

RILEY, J., and MATHIAS, J., concur.