Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 26 2014, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN J. MAY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LINUS JOHNSON, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 71A03-1405-CR-155 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1312-FD-1099

**September 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Linus Johnson ("Johnson") was convicted in St. Joseph Superior Court of Class D felony theft and ordered to serve thirty months executed in the Department of Correction. Johnson appeals and raises the following three issues:

I. Whether the trial court abused its discretion when it admitted testimony concerning the contents of a security videotape, which was not admitted at trial;

II. Whether the trial court abused its discretion during sentencing when the court considered theoretical losses from the theft; and,

III. Whether Johnson's thirty-month sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On December 9, 2013, Chelsy and Jeff Parker took their son to the emergency room of Memorial Hospital in South Bend, Indiana. While waiting to see a doctor, Chelsy left the emergency room waiting area to feed her son. She left her purse in the seat next to Jeff. Because of his growing discomfort with the number of sick individuals in the waiting area, Jeff exited the waiting room to sit in the hallway. Jeff failed to realize that he left Chelsy's purse on the chair in the waiting room.

When Chelsy was later asked for her insurance card by hospital personnel, she realized that her purse had been left in the waiting area. Chelsy retrieved her purse, but her wallet was missing. The Parkers reported the missing wallet.

Craig Whitfield ("Whitfield"), the hospital's security manager, reviewed the footage of the waiting area recorded by the hospital's security camera. Whitfield reviewed the videotape several times and recognized the man removing the wallet from

2

Chelsy's purse. Whitfield had spoken to Johnson an hour earlier and recognized his face. Also, Johnson was seen carrying a garbage bag in the video, and he had been carrying a garbage bag during his earlier confrontation with Whitfield.

The theft was reported to the South Bend Police Department and Officer Jack Stilp also viewed the video recording. Officer Stilp observed Johnson reaching into Chelsy's purse and removing an object.

On December 20, 2013, Johnson was charged with Class D felony theft. A bench trial was held on March 20, 2014. The State could not produce the hospital security videotape at trial because the recording had been destroyed. Johnson objected to Whitfield's and Officer Stilp's testimony concerning the contents of the video, but his objection was overruled.

Johnson was found guilty as charged and a sentencing hearing was held on April 16, 2014. After considering Johnson's extensive prior criminal history, the trial court ordered Johnson to serve thirty months executed in the Department of Correction with 116 days credit for time served. Johnson now appeals. Additional facts will be provided as necessary.

### I. Admission of Evidence

We review the trial court's ruling on the admission of evidence for an abuse of discretion. Jones v. State, 982 N.E.2d 417, 421 (Ind. Ct. App. 2013), trans. denied (citing Noojin v. State, 730 N.E.2d 672, 676 (Ind. 2000)). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. Id.

Johnson argues that the trial court abused its discretion when it allowed Whitfield and Officer Stilp to identify Johnson as the individual they observed on the security video stealing an object from Chelsy Parker's purse. Johnson argues Whitfield's and Officer Stilp's identification of Johnson as the person who stole the wallet "was not based on personal knowledge by anyone who testified at trial." Appellant's Br. at 5.

In Pritchard v. State, 810 N.E.2d 758 (Ind. Ct. App. 2004), the defendant was convicted of battering a fellow inmate. The defendant's entry and exit from the victim's jail cell was recorded on a surveillance video. The defendant argued that the witness's testimony concerning the contents of the video was inadmissible hearsay. We held that the defendant's conduct, as recorded on the surveillance video, "was not intended to be an assertion by him within the meaning of our rules of evidence."[1] Id. at 761. Because "no out-of-court statement was made, the recording was not hearsay." Id.

The videotape was not introduced into evidence because it had been "purged." Id. at 760. Our court also concluded the trial court did not abuse its discretion when it admitted the witness's testimony recounting what he saw on a video recording because the contents of the video were personally observed by the witness. Id. (citing Indiana Evidence Rule 602 and stating that witnesses can "testify to things that are within their personal knowledge). See also Vaughn v. State, 13 N.E.3d 873, 880 (Ind. Ct. App. 2014), trans. pending (concluding that a detective's testimony concerning the contents of

---

[1] Indiana Evidence Rule 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "A statement is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Ind. Evid. R. 801(a). To be an assertion, the statement must allege a fact susceptible of being true or false. Vertner v. State, 793 N.E.2d 1148, 1151 (Ind. Ct. App. 2003).

4

a video "was not hearsay because it was testimony based on the detective's personal observation and did not rely on an out-of-court statement").

Johnson acknowledges our Pritchard holding, but urges a change in the law. Appellant's Br. at 6-7. However, Johnson has not provided a compelling reason to depart from established precedent. Johnson's conduct as recorded on the video was not hearsay, and Whitefield's and Officer's Stilp's testimony recounting Johnson's actions on the video was based on their own personal observations. For the same reasons expressed in Pritchard, we conclude that the trial court did not abuse its discretion when it admitted Whitfield's and Officer Stilp's challenged testimony.

## II. Sentencing

Johnson argues that the trial court abused its discretion when it ordered him to serve a thirty-month executed sentence in the Department of Correction and that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

A. *Abuse of Discretion*

Johnson argues that the trial court abused its discretion when the court considered theoretical damage that could have resulted from his offense. "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances. Id. The trial court may abuse its discretion in sentencing by:

(1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

Kimbrough v. State, 979 N.E.2d 625, 628 (Ind. 2012) (citing Anglemyer, 868 N.E.2d at 490-91).

During his sentencing hearing, Johnson argued that the trial court should consider that the monetary loss to the victim was only ten dollars. In response, the trial court stated:

It was a ten dollar offense just because that's what was in the wallet. If there was a thousand dollars in the wallet, it would have been a thousand dollar offense. If there was a hundred dollars, a hundred dollar offense. There happened to be ten dollars.

Tr. pp. 56-57.

Considered within the entire context of the sentencing hearing, the trial court's comments were a response to Johnson's argument for a lesser sentence based the minimal monetary loss the Chelsy Parker. The trial court's statements at the sentencing hearing do not support Johnson's claim that the court considered a theoretical amount of money that could have been stolen from Chelsy's wallet when the court decided to impose a thirty-month sentence. See e.g. Tr. p. 57 (stating "in light of the criminal history which has been going on, . . . I think it's a thirty-month sentence").

B. *Inappropriate Sentence*

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the

6

sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

Johnson argues that his less than maximum thirty-month sentence is inappropriate because the victim's loss was minimal.[2] However, Chelsy Parker suffered more than just a ten dollar loss. Her credit cards and driver's license were stolen, and those items were

---

[2] On the date Johnson committed his offense, a Class D felony conviction subjected the offender to a sentence between six months and three years, with an advisory sentence of one and one-half years. See Ind. Code § 35-50-2-7.

never recovered.  Johnson's offense has therefore subjected Chelsy to a substantial risk of identity theft.

Furthermore, Johnson's extensive criminal history more than supports the thirty-month sentence he was ordered to serve.  Johnson's prior criminal history dating back to 1973 consists of twenty-three misdemeanor convictions and five felony convictions, which includes two prior Class D felony theft convictions.  Johnson's inability to lead a law-abiding life is evident on the record before us.

For all of these reasons, we conclude that the trial court did not abuse its discretion in sentencing Johnson and his thirty-month executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

**Conclusion**

The trial court acted within its discretion when it admitted testimony concerning the contents of the hospital's security video.  We also affirm Johnson's thirty-month sentence in all respects.

Affirmed.

RILEY, J., and CRONE, J., concur.