## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sollie Nance,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 12, 2015

Court of Appeals Case No.
49A02-1501-CR-12

Appeal from the Marion Superior Court.
The Honorable Amy M. Jones, Judge.
Cause No. 49G08-1411-CM-50520

**Barteau, Senior Judge**

## Statement of the Case

[1]     Sollie Nance appeals from his conviction and sentence for theft, as a Class A misdemeanor.  Ind. Code § 35-43-4-2 (2014).  We affirm.

# Issues

Nance presents two issues for our review, which we restate as:

> I. Whether the trial court erred by admitting certain testimony at trial.
>
> II. Whether the trial court erred in sentencing Nance.

# Facts and Procedural History

On November 6, 2014, Nance was in the Burlington Coat Factory. Cochate Barnes, the Loss Prevention Officer for Burlington, saw Nance in the men's coat department. Barnes recalled seeing Nance in Burlington two days before wearing the same clothes. Upon seeing Nance again, Barnes went into the loss prevention office and began watching live video of Nance on the store's security cameras. Barnes watched Nance select five coats, leave the department, and proceed toward the back exit of the store. Barnes exited his office and watched Nance run out the back exit of the store. Barnes followed Nance through the back exit and saw Nance drop the coats in the parking lot and run. Barnes called the police, and, when they arrived, he took Officer Stanley to his office where they viewed the security video. After watching the video, Officer Stanley provided a description of Nance to officers in the area. Later, Barnes received a call that the police had apprehended a man, and he was asked to identify him. Barnes positively identified Nance as the person who had stolen the coats.

Based on this incident, Nance was charged with theft, as a Class A misdemeanor. Over defense counsel's objection at trial, Officer Stanley testified as to what he saw on the security video. Nance was found guilty, and the court sentenced him to serve 365 days. Nance now appeals.

# Discussion and Decision

## I. Admission of Evidence

Nance first contends that the trial court erred by admitting Officer Stanley's testimony of what he saw on the video in Barnes' office. The trial court is afforded broad discretion in ruling on the admissibility of evidence, and we will reverse its ruling only upon a showing of an abuse of discretion. *Paul v. State*, 971 N.E.2d 172, 175 (Ind. Ct. App. 2012). An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

At trial, Nance's counsel objected to Officer Stanley describing what he saw on the security video. Defense counsel argued that Officer Stanley's testimony should not have been admitted because the content of the video was not within his personal knowledge. On appeal, Nance acknowledges this Court's decision in *Pritchard v. State*, 810 N.E.2d 758 (Ind. Ct. App. 2004) but claims it is distinguishable because Officer Stanley viewed the video recording of the incident after it had occurred rather than watching the security video as the incident was occurring.

[7]   In *Pritchard*, a battery occurred inside the jail. Upon discovering the injured inmate, a jail officer and the jail nurse reviewed the recording from the jail security cameras. At trial, over the defendant's objection, the officer and the nurse both testified as to what they observed on the security camera recording. The video recording was never admitted into evidence. A panel of this Court affirmed the trial court's admission of the testimony stating that "this is no different than if they had been standing on cell block E-5 observing the incident. They clearly can testify to things that are within their personal knowledge." *Id.* at 760. In so holding, the Court cited to Indiana Rule of Evidence 602 and stated that this rule permits the witnesses "to testify to things that are within their personal knowledge, such as what the video recording showed." *Id.* at 760 n.3.

[8]   Thus, Nance is mistaken in his belief of a distinguishing factor between the facts of his case and those of *Pritchard* as a reason for us not to rely on *Pritchard* in our resolution of the present case. The jail officer and the nurse in *Pritchard* did not view the battery occurring on live video as Nance suggests in his brief. Rather, they, like Officer Stanley, reviewed the video recording of the incident after it occurred. We conclude, as did the *Pritchard* panel, that the content of the video recording was personally observed by Officer Stanley and therefore is within Officer Stanley's personal knowledge, to which he may testify.

[9]   Additionally, in his brief Nance notes that, generally, under Indiana Rule of Evidence 1002 an original recording is required in order to prove its content. However, Indiana Rule of Evidence 1004 states that in the event that all

originals are lost or destroyed, and not by the proponent acting in bad faith, an original is not required and other evidence of the content of a recording is admissible. Without definitively alleging that the State acted in bad faith, Nance states that "no effort was made to preserve the original video" and that "it is negligent at the very least and may very well be bad faith." Appellant's Brief pp. 5, 6.

[10] At trial, Barnes was asked about the existence of the video:

> Q [Deputy Prosecutor]: Okay. And was there a point in time when the prosecutor's office requested a copy of the videotape?
>
> A [Barnes]: Yes.
>
> Q: And were you able to provide the prosecutor's office with a copy?
>
> A: No.
>
> Q: And can you explain to the jury why you were unable to do that?
>
> A: Um, we got a new system and the new system that we have records in 360. So each camera records everything around it. So it takes up more data. So by the time I tried to burn it, it ha[d] already been overlapped. The old system — we used to have an old system where we wouldn't have had that problem but the new system records so much data that it overlapped at the time that they had requested the video.
>
> Q: And at the time that the prosecutor's office requested it, um, did you know you weren't going to be able to burn a copy?
>
> A: No.
>
> Q: So you weren't even aware of that until you tried to?
>
> A: Yes.

Tr. pp. 33-34. The circumstances explained by Barnes, while suggesting a less than desirable level of attention to preserving evidence, do not amount to bad faith. Further, other than his bare allegation of the *possibility* of bad faith on the part of the State, Nance provides no argument and points to no evidence of bad faith.

[11] Finally, we note that even if the trial court had erred by admitting Officer Stanley's testimony, there would be no harm to Nance. Prior to Officer Stanley's testimony and without objection by Nance, Barnes testified to what he saw as he watched Nance on the store's security cameras. Therefore, Officer Stanley's testimony was cumulative of Barnes' testimony. *See Purvis v. State*, 829 N.E.2d 572, 585 (Ind. Ct. App. 2005) (harmless error results when erroneously admitted evidence is merely cumulative of other evidence), *trans. denied*.

## II. Sentence

[12] Nance was convicted of a Class A misdemeanor and sentenced to a term of 365 days. Pursuant to Indiana Code section 35-50-3-2 (1977), a person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one year. On appeal, he argues the trial court erred in sentencing him to the maximum penalty.

[13] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse

of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[14] Nance takes issue with the trial court's failure to recognize the mitigating factor of the minimal, if any, pecuniary loss to the victim. A trial court is not required to articulate and balance aggravating and mitigating circumstances before imposing sentence on a misdemeanor conviction. *Cuyler v. State*, 798 N.E.2d 243, 246 (Ind. Ct. App. 2003), *trans. denied*. Further, the trial court is not required to issue a sentencing statement for misdemeanor offenses. *See Anglemyer*, 868 N.E.2d at 490 (applying sentencing statement requirements to felony convictions only). Here, Nance received 365 days, which is an authorized sentence under the statute for his misdemeanor conviction. At the time he committed this offense, Nance was on parole for felony burglary and escape, and his criminal history includes felony burglary, felony criminal confinement, felony battery, and felony resisting law enforcement. This history more than justifies the sentence imposed by the trial court. We find no abuse of discretion.

[15] In addition, Nance claims that his sentence is inappropriate in light of the nature of the offense and his character. We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). However, "we must and should exercise deference to a trial court's sentencing decision, both because

Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). A defendant bears the burden of persuading the appellate court that his sentence has met the inappropriateness standard of review. *Anglemyer*, 868 N.E.2d at 494.

[16] Although Nance's crime is unremarkable — a simple theft where the stolen items were recovered — his character is quite remarkable. As the trial court noted at sentencing, Nance was on parole for felony burglary and escape when he committed this offense. Additionally, he has several felony convictions on his record.

[17] It is clear that prior brushes with the law have proven ineffective to rehabilitate Nance. Consequently, when he was given the opportunity to re-enter the community and be a productive citizen, he squandered the opportunity and continued with his pattern of illegal activity. Nance's actions here are proof that a longer period of incarceration is appropriate. Nance has not carried his burden of persuading this Court that his sentence has met the inappropriateness standard of review. *See id.*

## Conclusion

[18] For the reasons stated, we conclude that the trial court did not err in admitting Officer Stanley's testimony at trial. In addition, the trial court did not abuse its

discretion in sentencing Nance to 365 days, and Nance's sentence is not inappropriate in light of the nature of the offense and his character.

[19] Affirmed.

[20] Najam, J., and Barnes, J., concur.